IN THE CIRCUIT COURT
SAINT LOUIS COUNTY
STATE OF MISSOURI
CIRCUIT CIVIL DIVISION

**DENISE JUDD,** )
)
)
Plaintiff, )
) Cause No.
v. )
) Division
**CREDIT CONTROL, LLC.** )
)
Serve at: )
)
Richard Saffer, Registered Agent )
5757 Phantom Drive Suite 330 )
Hazelwood, MO 63042 )
)
Defendant. ) **JURY TRIAL DEMANDED**

## INTRA-STATE CLASS ACTION PETITION

COMES NOW, Plaintiff, Denise Judd, and for her Intra-State Class Action Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer on behalf of herself and all other consumers located in Missouri and similarly situated for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff, for herself, and on behalf of her fellow class members, demands a trial by jury on all issues so triable.

### JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d) because

the illicit collection activity was directed at Plaintiff in Saint Louis County, Missouri.

## PARTIES

4. Plaintiff is a natural person currently residing in Saint Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions.

5. Specifically, Plaintiff believes the alleged debt arose from a credit account with Bank of America.

6. Defendant Credit Control, LLC is a Missouri limited liability corporation with its principal place of business in Lake Saint Louis, MO. The principal business purpose of Defendant Credit Control is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

## FACTS

8. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

9. Defendant's illicit collection activity consisted of a letter sent to Plaintiff.

10. On or about June 5, 2015, Professional Recovery Services, Inc., a New Jersey corporation, sent Plaintiff a debt collection letter attempting to collect an alleged debt of $7,410.25, allegedly stemming from Bank of America, account #: #############3778.

11. The June 5, 2015 letter was Professional Recovery Services, Inc.'s initial debt collection communication with the Plaintiff.

12. The June 5, 2015 letter from Professional Recovery Services, Inc. included the

disclosures required by 15 U.S.C. § 1692g, including the disclosure that Plaintiff had the right to dispute the debt and obtain validation and verification thereof.

13. On or about July 1, 2015, Defendant Credit Control, LLC acquired Professional Recovery Services, Inc.

14. On or about July 2, 2015, Defendant sent Plaintiff a debt collection letter attempting to collect an alleged debt of $7,410.25, allegedly stemming from Bank of America, account #: #############3778.

15. The July 2, 2015 letter was Defendant's initial debt collection communication with the Plaintiff.

16. Defendant's July 2, 2015 letter did not include the disclosures required by 15 U.S.C. § 1692g, including the disclosure that Plaintiff had the right to dispute the debt and obtain validation and verification thereof, and Defendant did not send the 15 U.S.C. § 1692g disclosures within five days after the July 2, 2015 initial communication, in violation of 15 U.S.C. § 1692g(a).

17. On or about July 23, 2015, Defendant sent Plaintiff another debt collection letter attempting to collect an alleged debt of $7,410.25, allegedly stemming from Bank of America, account #: #############3778.

18. The July 23, 2015 collection letter from Defendant demanded that Plaintiff either make payment on the alleged debt in full, in part, or in installments.

### *Violations of the FDCPA*

19. Defendant's July 2, 2015 collection letter was the "initial communication" with the consumer in connection with the collection of a debt, as defined by FDCPA § 1692g(a), and Defendant failed to send the validation notice within five days of the initial communication of

July 2, 2015, in violation of 15 U.S.C. §1692g(a), which requires that within five days of the initial communication, a debt collector must send the consumer a written notice containing information about the debt, and of the consumer's right to dispute the debt.

20. On July 23, 2015, Plaintiff was within her thirty day statutory period to dispute and request verification of the debt provided under 15 U.S.C. § 1692g, which was triggered by the initial communication on July 2, 2015.

21. Defendant's demand for payment in its July 23, 2015 collection letter occurred within Plaintiff's thirty day dispute period and overshadowed and was inconsistent with Plaintiff's rights pursuant to 15 U.S.C. §1692g.

22. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, sleeplessness, and worry.

## CLASS ALLEGATIONS

23. Upon information and belief, Defendant violated the FDCPA in a manner uniform to the class by sending an initial debt collection communication to class members whose accounts were acquired from Professional Recovery Services, Inc., in which Defendant failed to include the disclosures required by 15 U.S.C. § 1692g, and as to which Defendant failed to send the validation notice within five days of the initial communication, and as to which Defendant made payment demands within the thirty day statutory period under 15 U.S.C. § 1692g, triggered by the initial communication.

24. This action is properly maintainable as a class action pursuant to Rule 52.08 of the Missouri Supreme Court Rules. The class consists of the following persons:

> All persons in Missouri whose account in collections with Professional Recovery Services, Inc. was acquired by Defendant

and who received an initial debt collection communication from Defendant in which Defendant failed to include the disclosures required by 15 U.S.C. § 1692g, and as to which Defendant failed to send the validation notice within five days of the initial communication, and as to which Defendant made payment demands within the thirty day statutory period under 15 U.S.C. § 1692g, triggered by the initial communication.

25. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research, Defendant is a high volume debt collector that attempts to collect every month on hundreds of delinquent debts allegedly owed by Missouri consumers.

26. Upon information and belief, Defendant has engaged in the improper collections communications described above with at least one hundred Missouri consumers.

27. Plaintiff is a member of the class she seeks to represent.

28. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

29. Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action. Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent her from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

30. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection by the Defendant.

31. Most, if not all, of the facts needed to determine damages are obtainable from the Defendant's records.

32. The purposes of the FDCPA will be best effectuated by a class action.

33. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

34. Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

35. Many, if not all, class members are unaware that claims exist against the Defendant. There will be no unusual difficulty in the management of this action as a class action.

36. Three common questions of law and fact predominate over all individual questions in this action. The common questions are whether: (1) Defendant sent a class member a debt collection letter, (2) whether Defendant failed to include in the initial debt collection communication or within five days thereafter the disclosures required by 15 U.S.C. § 1692g, and (3) whether Defendant made payment demands within the thirty day statutory period under 15 U.S.C. § 1692g, triggered by the initial communication.

37. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

38. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

39. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual Class members is calculable and ascertainable.

## COUNT I: VIOLATION OF THE FDCPA

40. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

41. In its attempt to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. 1692 et. seq., including, but not limited to, the following:

   a. Failing to send a validation notice within five days after the initial communication. 15 U.S.C. § 1692g(a)(3),(4).

   b. Taking action which overshadowed and was inconsistent with Plaintiff's dispute, validation, and verification rights pursuant to 15 U.S.C. §1692g.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. For an order declaring this action to be a proper class action and requiring Defendants to bear the cost of class notice.

   B. Judgment that Defendant's conduct violated the FDCPA;

   C. Actual damages;

   D. Release of the alleged debt;

   E. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k); and

F. For such other relief as the Court may deem just and proper.

Respectfully submitted by,

         Pontello Law, LLC

         /s/ Dominic M. Pontello
         Dominic M. Pontello, #60947
         Attorney for Plaintiff
         5988 Mid Rivers Mall Dr., Suite 114
         St. Charles, MO  63304
         (636) 541-7673
         (636) 441-6881 facsimile
         dominic@pontellolaw.com