UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENISE JUDD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-1797 (CEJ) |
| ) | |
| CREDIT CONTROL, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also before the Court is the plaintiff's motion for class certification.

**I.   Background**

Plaintiff Denise Judd brings this action against defendant Credit Control, LLC for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, *et seq.* According to the complaint, on June 5, 2015, Professional Recovery Services, Inc., sent plaintiff a letter attempting to collect an alleged debt stemming from a Bank of America account. This letter was Professional Recovery Services' initial communication with plaintiff and included the disclosures required by 15 U.S.C. § 1692g. On July 1, 2015, defendant acquired Professional Recovery Services. On July 2, defendant sent plaintiff a letter attempting to collect the same debt. On July 23, defendant sent plaintiff another letter demanding that plaintiff make payment on the alleged debt.

Plaintiff claims that defendant violated the FDCPA by (1) sending the initial debt collection communication to plaintiff without including the disclosures required

by § 1692g or by failing to send the disclosures within five days of the communication; and (2) by making demands for payment during the 30-day period in which plaintiff was entitled to dispute and request verification of the debt.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## III. Discussion

Section 1692g(a) of the FDCPA requires a debt collector to send, either within the initial communication to a consumer or within five days of the initial communication, a written notice informing the consumer of, *inter alia*, the right to dispute the debt and the right to receive verification of the debt and the name and address of the original creditor. Plaintiff contends that defendant was a subsequent debt collector that failed to provide the statutorily-required disclosures in its initial communication on July 2.

"Courts are split on whether § 1692g applies to initial communications from each successive debt collector." Ray v. Resurgent Capital Servs. L.P., No. 4:15-CV-272 (JCH), 2015 WL 3453467, at *4 (E.D. Mo. May 29, 2015) (quoting Tocco v. Real Time Resolutions, Inc., 48 F. Supp. 3d 535, 538–39 (S.D.N.Y. 2014)). Some courts have held that there is only one "initial communication" to which section 1692g(a) applies, and, as a result, a subsequent debt collector seeking to collect on the same debt is not required to supply a new validation notice. See, e.g., Nichols v. Byrd, 435 F. Supp. 2d 1101, 1107 (D. Nev. 2006); Senftle v. Landau, 390 F. Supp. 2d 463, 473 (D. Md. 2005); see also Huckfeldt v. BAC Home Loans Servicing, LP, No. 10-CV-1072 (MSK-CBS), 2011 WL 4502036, at *6 (D. Colo. Sept. 29, 2011); Paris v. Steinberg & Steinberg, 828 F. Supp. 2d 1212, 1222 (W.D. Wash. 2011); Oppong v. First Union Mortg. Corp., 566 F. Supp. 395, 403 (E.D. Pa. 2008); Ditty v. CheckRite Ltd., Inc., 973 F. Supp. 1320, 1329 (D. Utah 1997). Other courts have interpreted section 1692g(a) to require each successive debt collector to send a validation notice within five days of its initial communication, even if a prior debt collector already sent a notice regarding the same debt. See, e.g.,

3

Tocco, 48 F. Supp. 3d at 539; Janetos v. Fulton, Friedman & Gullace LLP, No. 12-C-1473 (TMD), 2013 WL 791325, at *5–6 (N.D. Ill. Mar. 4, 2013); Stair ex rel. Smith v. Thomas & Cook, 254 F.R.D. 191, 196–97 (D.N.J. 2008); Tipping-Lipshie v. Riddle, No. 99-CV-4646 (LDW), 2000 WL 33963916, at *3 (E.D.N.Y. Mar. 2, 2000).

Defendant argues that it is not a subsequent debt collector. Under Missouri law, the surviving entity of a merger or consolidation receives all of the rights, privileges, immunities, and powers of the acquired entity. Mo. Rev. Stat. § 347.730(3). The surviving entity is also responsible for all of the liabilities and obligations of the acquired entity. Mo. Rev. Stat. § 347.730(6). As such, in contrast to the cases in which district courts have required each successive debt collector to comply with the strictures of § 1692g, defendant is not an independent, subsequent debt collector. Rather, under Missouri law, defendant is the post-acquisition surviving entitiy in possession of the rights, privileges, liabilities and obligations of Professional Recovery Services, the former entity that initially attempted to collect the debt.

In Tocco, to explain why subsequent debt collectors should have to comply with the requirements of § 1692g, the Southern District of New York expressed concern that "a consumer who has challenged an initial debt collector to verify a debt may not realize she has the same right with respect to a subsequent collector." 48 F. Supp. 3d at 539. Here, plaintiff would not need to challenge defendant to verify the debt if she had initially challenged Professional Recovery Services. Defendant, as the surviving entity, would have the same obligation to verify the debt as Professional Recovery Services, the entity it acquired. As Missouri law requires defendant to comply with the obligations of an entity it

4

acquires, Missouri law likewise transfers to defendant the rights of an entity it acquires.

Plaintiff concedes that Professional Recovery Services complied with the disclosure requirements of § 1692g. That compliance is now imputed to defendant. Thus, the complaint does not state a claim under the FDCPA upon which relief may be granted and will be dismissed.

\* \* \* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #8] is **granted.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for class certification [Doc. #5] is **moot**.

An order of dismissal will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of January, 2016.