UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENISE JUDD, ) | |
| on behalf of plaintiff and a class, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-1797 (CEJ) |
| ) | |
| CREDIT CONTROL, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for relief from an order, pursuant to Federal Rule of Civil Procedure 60(b). Defendant has responded in opposition. No reply was filed, and the time permitted for doing so has expired.

Plaintiff filed this action against defendant for an alleged violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p. According to the complaint, on June 5, 2015, Professional Recovery Services, Inc. sent plaintiff a letter attempting to collect a debt. This letter constituted an initial communication with plaintiff and included the disclosures required by 15 U.S.C. § 1692g. It is also alleged that defendant acquired Professional Recovery Services on July 1, 2015. Compl. at ¶ 13 [Doc. #4]. Plaintiff alleges that defendant sent her another letter attempting to collect the same debt on July 2, 2015,. Plaintiff contends that defendant violated § 1692g by sending an initial debt collection communication to her without including the requisite disclosures.

On January 19, 2016, the Court granted defendant's motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6). In its motion to dismiss, defendant argued that plaintiff failed to state a claim for a violation of §

1692g, because plaintiff alleged that it had acquired Professional Recovery Services. Based on this alleged acquisition, defendant argued that it had received all the rights, privileges, immunities, and powers of Professional Recovery Services under Missouri law. Mo. Rev. Stat. § 347.730(3). Accepting the allegations in the complaint as true for purposes of a Rule 12(b)(6) motion, the Court found that defendant was not an independent, subsequent debt collector and was entitled to rely upon Professional Recovery Services' compliance with the disclosure requirements of § 1692g as a post-acquisition surviving entity. As such, the July 2 letter was not an initial communication and was not required to include the disclosures enumerated in § 1692g. Accordingly, the Court dismissed the complaint for its failure to state a claim under the FDCPA upon which relief could be granted.

On May 2, 2016, the Court received and docketed a letter from a Florida attorney representing a plaintiff in an unrelated case against the same defendant—Credit Control, LLC—who stated that no merger or consolidation as defined by Missouri law had ever occurred between defendant and Professional Recovery Services. The attorney's letter was based on representations defendant made in its statement of material facts and a declaration filed as exhibits in support of a motion for summary judgment in a case before the United States District Court for the Southern District of Florida. Letter from Leo W. Desmond [Doc. #15]; Sanchez v. Credit Control, LLC, Civ. Action No. 15-CV-14410.

In the instant motion, plaintiff argues that this letter constitutes newly discovered evidence of fraud, mistake, misrepresentation or misconduct by defendant that justifies granting her relief from the Court's January 19 dismissal order. Plaintiff first asserts that the Court dismissed her complaint based on

2

defendant's representation that it was the surviving entity of a merger or consolidation under Missouri law. Not so. The Court's ruling was based on plaintiff's allegations in the complaint. See Mem. & Order at *2 [Doc. #13] (explaining that plaintiff's factual allegations in a complaint are assumed true for the purposes of a Rule 12(b)(6) motion); id. at *1 ("According to the complaint . . . defendant acquired Professional Recovery Services."); see also McCrary v. Stifel, Nicolaus & Co., Inc., 687 F.3d 1052, 1056 (8th Cir. 2012) (stating that for purposes of a Rule 12(b)(6) motion, the district court must accept a plaintiff's factual allegations as true). No judicial inadvertence thus justifies granting plaintiff relief. See Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980) ("This circuit has not allowed relief under Rule 60(b)(1) for judicial error other than for judicial inadvertence.").

In support of its motion to dismiss, defendant did not state or represent that it in fact acquired Professional Recovery Services, but instead attacked the sufficiency of the complaint. See Mem. at *3 [Doc. #8] ("Taking all statements in Plaintiff's Petition as true for the purposes of this motion, Plaintiff alleges that '[o]n or about July 1, 2015, Defendant Credit Control, LLC acquired Professional Recovery Services, Inc.' (Plaintiff's Petition ¶ 13.)."); id. ("Plaintiff plainly alleges that Credit Control, LLC acquired Professional Recovery Services, Inc."); id. ("Because under the facts alleged by Plaintiff, Credit Control, LLC must be deemed as having satisfied Section 1692g by way of Professional Recovery Services, Inc."); Reply at *4 [Doc. #12] ("Assuming the allegations of Plaintiff's Complaint are true, Defendant Credit Control acquired PRS (Plaintiff's Complaint ¶ 13) and therefore the rights of PRS to issue subsequent correspondence to Plaintiff without issuing § 1692g disclosures."); id. at *5 ("[A]ccording to Plaintiff's complaint, PRS and Credit

3

Control are legally the same entity under Missouri Law."). As such, plaintiff has not demonstrated any evidence of fraud, mistake, misrepresentation or misconduct that justifies granting her relief under Rule 60(b).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for relief from order [Doc. #16] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of July, 2016.